IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK HAMILTON,

Petitioner,

vs.

TOM CAREY, Warden,

Respondent.

No. C 05-1300 JSW (PR)

**ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY**

(Docket nos. 9, 10)

**INTRODUCTION**

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On April 20, 2005, the Court ordered Respondent to show cause why the petition should not be granted. On August 17, 2005, Respondent filed a motion to dismiss the petition as untimely. On September 26, 2005, Petitioner filed an opposition,[1] and on October 11, 2005, Respondent filed a reply. This order grants the motion to dismiss.

**BACKGROUND**

The parties agree on the following procedural history: In 1992, an Alameda County Superior Court jury convicted Petitioner of first degree murder with an enhancement for personal use of a firearm. Petitioner was sentenced to twenty-nine years-to-life in prison. On February 28, 1994, the California Court of Appeal affirmed the judgment in an unpublished opinion. On May 25, 1994, the California Supreme Court denied review.

On May 25, 1997, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. The petition was denied on June 5, 1997.

---

[1]Petitioner's motion for an extension of time to file his opposition is GRANTED (docket no. 10), *nunc pro tunc* to the date the opposition was filed.

On July 18, 1997, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. The petition was denied on October 29, 1997.

On May 7, 2001, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. The petition was denied on May 10, 2001.

On July 17, 2001, Petitioner filed a second petition for a writ of habeas corpus in the California Supreme Court. The petition was denied on October 31, 2001.

On January 29, 2003, Petitioner filed a petition for a writ of habeas corpus in Tuolomne County Superior Court. The petition was transferred subsequently to Alameda County Superior Court, where it was denied on April 23, 2003.

On January 12, 2004, Petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court. The petition was denied on January 13, 2004, as untimely.

On March 8, 2004, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. The petition was denied on March 30, 2005.

On April 12, 2004, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. The petition was denied on March 2, 2005, as untimely.

Petitioner constructively filed the instant petition by delivering it to prison authorities for mailing on or after March 25, 2005. It was filed in fact on March 31, 2005.

## DISCUSSION

### I. <u>The Statute of Limitations</u>

Respondent moves to dismiss the petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996, and imposed for the first time a statute of limitations on federal petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences generally must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1). Because the AEDPA's one-

year time limit did not begin to run against any state prisoner before the date of the AEDPA's enactment, *see Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), a prisoner with a state conviction finalized before April 24, 1996, such as Petitioner, had until April 24, 1997, to file a federal habeas petition on time. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001), *cert. denied*, 534 U.S. 978 (2001).

Petitioner did not file his federal petition until late March 2005. Therefore, the petition is untimely unless Petitioner can show that he is entitled to delayed commencement of the statute of limitations under § 2244(d)(1), or that the statute of limitations was statutorily tolled under § 2244(d)(2), or that he is entitled to equitable tolling.

## II. Delayed Commencement of the Statute Under § 2244(d)(1)(B)

Petitioner argues that a state-imposed impediment made it impossible for him to file a timely habeas petition. Section § 2244(d)(1)(B) allows for commencement of the statute of limitations on the date on which "an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner claims that until he read Respondent's motion to dismiss he was unaware that his petition for a writ of habeas corpus which was filed on January 29, 2003, in Tuolomne County Superior Court and then transferred to the Alameda County Superior Court had been denied by the latter court. He argues that because prison officials did not forward the denial of the petition to him--he had moved to another prison while the petition was pending--the state created an impediment to his filing a timely petition.

Petitioner's argument is without merit because § 2244(d)(1)(B) provides for the delayed *commencement* of the statute of limitations. Here, as discussed above, the statute of limitations commenced on April 24, 1996, and expired on April 23, 1997. Because the statute of limitations already had expired by the time the alleged impediment

occurred, the impediment cannot have had an impact on Petitioner's failure to file a timely petition. *Cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed *after* AEDPA's statute of limitations ended cannot toll the limitation period).

Moreover, as Respondent points out, Petitioner's failure to receive the superior court's ruling did not impede him from filing a timely petition because he filed three state habeas petitions during the period when he thought the Tuolomne/Alameda County petition was still pending. Thus, even if he was unaware of the disposition of that petition, his unawareness was not an impediment to his filing other petitions.

Accordingly, Petitioner is not entitled to delayed commencement of the statute of limitations under § 2244(d)(1)(B).

**III. Delayed Commencement of the Statute Under § 2244(d)(1)(D)**

Petitioner argues that he is entitled to delayed commencement of the statute of limitations because he only recently discovered the factual predicate for his claim that prosecution witness Stacie Williams, Petitioner's former girlfriend and the mother of his son, was coerced by the prosecution into testifying against him. As set forth in the California Court of Appeal's opinion affirming the judgment, Williams testified at trial that on the afternoon of the murder the victim, her boyfriend Robert Moses, dropped by unexpectedly. Petitioner called Williams from a friend's house in Oakland; when he heard Moses in the background he told Williams that he had a gun and was coming over. After she hung up Williams told Moses that Petitioner was angry and that he was coming over with a gun. Petitioner arrived and pounded on the door; Moses answered the door and stepped outside, shutting the door behind him. He asked "What's up?" According to Williams, who remained behind in the apartment, she heard "shuffling" sounds outside the door after this, "like bodies hitting against the wall." She next heard a loud "rumbling," like bodies falling down the stairs, and then two gunshots. Moments later, Williams noticed the sound of a car driving off. She opened the door and went outside.

She found Moses lying on his back on the ground. His right leg was bent underneath his body and there was blood around his neck. *See* Opinion at 2-3. Petitioner asserted at trial he shot Moses in self-defense.

Petitioner alleges that in October 2002 he received from Williams an affidavit signed on October 18, 2002, in which she wrote that the testimony she gave at trial was false and she had been coerced into lying by the investigating detectives and the prosecutor. Williams wrote in her affidavit that what she had really told detectives originally was that Petitioner came to her house to visit their son and before she could open the door Moses pushed her away so she couldn't go outside and, with a "serious expression" on his face, he went outside and "moments later I heard what sounded like bodies hitting the wall and falling down the stairs." Petition, Exh. D.

Petitioner argues that this "new evidence" supports a claim for relief based on prosecutorial misconduct which must be considered by the Court and which he could not have discovered earlier through the exercise of due diligence.

Under § 2244(d)(1)(D), the one-year limitations period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." This means that the statute begins to run "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Citing to the record, Respondent argues that § 2244(d)(1)(D) is not applicable here because the factual predicate of Petitioner's claim was known to him even at the trial, where both defense counsel and the prosecutor examined Williams on the alleged coercion. Likewise, one of the issues raised on appeal concerned the admissibility of letters written by Williams in which she alleged coercion by the prosecutor. Moreover, while Petitioner alleges to have discovered the facts in Williams's affidavit in October 2002, he previously submitted in state court an affidavit from Williams on the same subject dated 1999--three years before

he claims to have discovered the evidence.

Respondent also points to the Alameda County Superior Court's rejection of Petitioner's allegations of newly discovered evidence in its January 13, 2004, order denying Petitioner's state habeas petition:

> Petitioner's claim of newly discovered evidence is also without merit. Recanted testimony is always suspect. Recanted testimony under the circumstances here is even more suspect. Further, the information in Ms. Williams' declaration of October 18, 2002, is not new. The subject matter in the declaration and the voluntariness and truthfulness of her pretrial statements and preliminary hearing testimony were the subject of much discussion in the trial. The jury was aware of Ms. Williams' claims. There is nothing new presented here that was not known at the time of the trial. There is no evidence that Petitioner was prejudiced in any way.

Motion to Dismiss, Exh. H.

Even without Williams's October 2002 affidavit, Petitioner could have presented his prosecutorial misconduct claim to the state courts for review based on his knowledge of Williams's assertions of coercion at the time of trial, and then sought leave in state court to further develop the facts in support of his claim. Because he did not do so, he did not exercise due diligence and he is not entitled to a delayed start of the limitations period under § 2244(d)(1)(D). *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

## IV. Statutory Tolling

The Court does not reach the question whether Petitioner is entitled to statutory tolling of the statute of limitations under § 2244(d)(2) because, as discussed above, the statute of limitations expired before Petitioner filed his first state habeas corpus petition. A state habeas petition filed after the statute of limitations has expired cannot toll the

limitations period. *Ferguson*, 321 F.3d at 823.

**V. <u>Equitable Tolling</u>**

Finally, the Court considers whether Petitioner is entitled to any equitable tolling of the limitations period, which is available upon a showing that a petitioner has been pursuing his rights diligently and that extraordinary circumstances beyond his control prevented him from timely filing the petition. *Pace v. DiGuglielmo*, – U.S. –, 125 S. Ct. 1807, 1814 (2005). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

The two extraordinary circumstances upon which Petitioner relies are his lack of notice of the superior court's denial of his state habeas petition and Williams's October 2002 affidavit. For the reasons already discussed, neither of these merit equitable tolling because neither were the cause of his failure to file a timely petition.

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely is GRANTED (docket no. 9). The clerk shall enter judgment and close the file. This order terminates all pending motions.

IT IS SO ORDERED.

DATED: <u>January 23, 2006</u>

Jeffrey S White

JEFFREY S. WHITE
United States District Judge